## John R. Bonny
### v.
## Rebecca Ann Bonny, Administratrix.

*Trusts—Consideration—Administration—Evidence—Mortgages.*

1.  In a suit by an administratrix, to compel the payment of a mortgage out of money received by defendant from an insurance company on a policy on her intestate's life, payable to defendant, which money it is alleged is held by defendant in trust to pay the debts of the estate, neither the heirs nor the insurance company are necessary parties.

2.  Where in such suit the mortgage which defendant is ordered to pay is less than the amount of the trust fund held by him, he can not complain that the amount of the mortgage was not properly proven, nor that it was ordered to be paid to the administratrix, to be paid out by her.

3.  Where a trust is completed no consideration is necessary.

[Opinion filed August 27, 1890.]

Appeal from the Circuit Court of Clay County; the Hon. Carroll C. Boggs, Judge, presiding.

Mr. Rufus Cope, for appellant.

Messrs. D. B. Monroe and Chesley & Boyles, for appellee.

Phillips, J.   Appellee filed her bill alleging Lyman T. Bonny died December 15, 1887, leaving surviving his widow, mother, brothers and sisters, as heirs, and that the complainant, his widow, was appointed his administratrix. At the time of his death he was seized of certain lands described, which were subject to a mortgage given by the intestate, to secure certain notes made by him, payable to the " Ætna Life Insurance Company." That the mortgaged premises were occupied as a homestead, and that the mortgage debt is due and unpaid.   Bill further alleges that on December 16, 1885, the intestate procured an insurance on his life from the " Bloomington Mutual Benefit Association,"

payable to John R. Bonny, and at the time of procuring said policy, the said John R. Bonny agreed that he would pay the premiums on said policy, and in the event of the death of Lyman would, from the money arising from the said policy, pay the debts of said Lyman remaining at his death, including the mortgage indebtedness, to the extent of the money so received on said policy, less the premiums paid by John R. Bonny, with legal interest thereon.

It is further alleged that in July, 1888, the appellant received on said policy $2,836.24, and from the proceeds paid two debts of Lyman amounting to $750. The bill further charges that during the illness of Lyman the appellant took from the premises certain described property worth $420 and converted it to his own use. The bill alleges that said insurance is a trust fund for the benefit of the estate and to pay the debts of said estate intended to be so applied and asks an account. The answer admits the issuing of the policy payable to the defendant, but denies that it was to be held in trust as alleged, and avers the payment of premiums by defendant and denies that Lyman paid any premiums and denies all other matters in the bill alleged. The evidence shows the receipt by the defendant of $2,836.24 and that he has paid for the indebtedness of Lyman and funeral expenses and premiums, money to the amount of about $1,850, and that the amount of indebtedness mentioned in the bill, secured by mortgage on the premises, is due and unpaid.

The evidence shows admissions of John R. Bonny in reference to the debt mentioned in the mortgage. He stated to the agent of the Ætna Insurance Company, that his brother's life was insured, and that he, John R. Bonny, was paying the premiums, and if his brother died he expected to pay off the debts with the insurance. Cameron McKnight testifies that on the day of Lyman's death he asked John R. Bonny how Lyman's financial matters were and John R. Bonny replied, " All right, he left an insurance policy that will square his debts all up;" he further said when the mortgage was referred to that " he was to pay the debts; that the insurance policy would just about pay the debts all off." John Erwin testifies that John

Bonny v. Bonny.

R. Bonny said in speaking of the mortgage indebtedness, " that if he got the money out of the policy he would pay the mortgage."

In a letter to the insurance company after the death of his brother, John R. Bonny says: "Ever since I have been identified with the Bloomington Life Insurance Company, I have endeavored to get brother to make application for membership, as he was rapidly failing in business, and I was his heavy indorser. I thought it was wise to be on the safe side, but he always declined, saying he was not able, and it was not until the first week in November, 1885, that I got his consent to make application, and it was all to be at my expense, and in the event of his financial success, he was to reimburse me for all money paid out." And in a subsequent letter to the same company, he said : "Owing to the bad state of affairs of my brother's estate, and my heavy responsibility as security, I hope the claim can be admitted at once, and assessed for January." The court entered a decree finding the amount due on the mortgage and interest to be $557.76, and finding that said funds derived from the insurance to the amount of $2,836.24 was a trust fund, and ordering John R. Bonny to pay complainant the sum of $557.76, to be used for the payment of said mortgage, from which decree the defendant appeals to this court.

It is insisted that as neither the heirs nor the insurance company are made parties, the decree can not be sustained, and that the administratrix had no duty with reference to said fund. If the money derived from the insurance was held by the defendant in trust for the estate of the deceased, neither the heirs nor creditors are necessary parties, but such fund belonging to the estate should pass into the hands of the administratrix. The evidence clearly warrants the finding made in the decree, that John R. Bonny received the money derived from the insurance in trust. The duty of the administratrix to collect the assets of the estate is required by law. Such assets are primarily liable for the debts of the estate. And in a proceeding for collection of debts, creditors of the estate and heirs not indebted to the estate are not proper parties.

It is urged, however, that to fix the amount of the mortgage the mortgagee is a necessary party, that the note may be produced.

The money in the hands of the defendant as a trust fund may be recovered by the administratrix without reference to any particular debt, and while in the decree the court finds the amount of the mortgage and note, yet it is apparent from an inspection of the evidence in the record, it would have warranted a decree for a much larger sum as money due the estate. And the primary object of the bill being to declare the trust and pay off the mortgage indebtedness, there could be no liability for a greater amount than the money in his hands as a trust fund, and the amount decreed to be paid by the defendant not exceeding the amount in his hands, as shown by the evidence, he can not complain of the want of the production of the notes owing by the intestate to the insurance company. It is further objected, that as the decree directs the payment of the money to the administratrix, to be used by her as a specific fund for the payment of the mortgage, that the decree makes her a trustee, in her representative capacity, of a fund never intended to pass to her hands. The administratrix having a right to collect indebtedness due the estate, and the payment of the same so decreed being a discharge from liability for further payment to any one by the defendant, he can not be heard to complain of the manner in which the sum so collected from him in this proceeding is to be disposed of. It is insisted that no consideration is shown if this trust rests on a contract between the parties. This defendant, according to the declarations made in his letter, in the event of the financial success of his brother, was to be reimbursed for all money paid out. When he procured the money on the insurance policy he was reimbursed for all money paid out, and entered upon the discharge of the trust, and is estopped from denying that he is a trustee, and the trust is completed; and where completed a consideration is not necessary. Massey et al. v. Huntington, 118 Ill. 80. Finding no error in the record the decree is affirmed.

*Decree affirmed.*